UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:25-cr-00310-AN |
| v. | **PROTECTIVE ORDER PERTAINING TO DISCOVERY** |
| **ROBERT JACOB HOOPES,** | |
| **Defendant.** | |

Upon motion of the United States, this Court being advised as to the nature of this case, it is hereby:

ORDERED that pursuant to Rule 16(d)(1), Federal Rules of Criminal Procedure, counsel for defendant shall not provide anyone with copies of any discovery material produced by the government which contains personal identifying information of any law enforcement officer, including without limitation any individual's name, date of birth, social security number, address, telephone number, or badge number ("law enforcement information") <u>unless defense counsel first redacts the law enforcement information from the discovery material</u>.  Law enforcement officer names can be redacted as "AV" (Adult Victim), "AW" (Adult Witness) or "AF" (Affiant).  Counsel may provide redacted copies of discovery materials only to members of the defense team and those persons employed by defense counsel who are necessary to assist counsel in preparation for trial or other proceedings.  Anyone to whom counsel provides copies of the discovery materials must be given a copy of this Order, and must agree to be bound by its terms.

IT IS FURTHER ORDERED that counsel of record shall not provide discovery materials to any persons other than members of the defense team without seeking authorization from the

**Protective Order Pertaining to Discovery**                                                                                                       **Page 1**

Court, absent agreement to such disclosure by the government. Potential witnesses and their counsel may be shown redacted copies of the materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

This Order does not apply to materials that:

a. Are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings.

b. Were derived directly from defendant or that pertain solely to defendant. Examples of such materials include defendant's own financial records, telephone records, digital device downloads, social media records, electronic communications, arrest records, and statements to law enforcement; and

c. materials that the defense obtains by means other than discovery.

Dated: September 25, 2025.

_____
HONORABLE ADRIENNE NELSON
United States District Judge

Presented by:

SCOTT E. BRADFORD
United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN, OSB #873568
Assistant United States Attorney