Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, Oregon 97204
503-546-3927
email: matthew@levinemchenry.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:25-cr-00310-AN-1 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S SENTENCING |
| vs. | ) | MEMORANDUM |
| | ) | |
| | ) | |
| ROBERT JACOB HOOPES | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

On June 11, 2026, defendant Robert Jacob Hoopes will come before the Court for sentencing, having pleaded guilty on February 18, 2026, to one count of Aggravated Assault of a Federal Employee with a Dangerous Weapon. Mr. Hoopes was arrested on July 25, 2025, and released to pretrial supervision on July 28, 2025. At the time of his sentencing, he will have served approximately 4 days in custody, time that will be credited toward any sentence imposed here.

1

For the reasons set forth below and in accompanying filings, the Court should follow the recommendation of the Presentence Report and sentence Mr. Hoopes to 24 months of prison.

## I.      Mr. Hoopes's criminal conduct.

Mr. Hoopes's criminal conduct is documented in the PSR. Over two weeks in June 2025, protestors assembled around the U.S. Immigration and Customs Enforcement (ICE) building in Portland. On June 14, 2025, during a period of intense and chaotic protests, protesters attempted to wedge a rental scooter against the entry door. When an ICE officer (AV1) attempted to remove the scooter, Mr. Hoopes threw a baseball-sized rock at AV1 from about four feet away, causing an approximate two-inch laceration that required medical attention. Shortly thereafter, Mr. Hoopes and other protestors used a stop sign to strike and damage the glass entry door of the facility.

## II.     Guideline Calculations under the Plea Agreement and PSR

The plea agreement and the presentence report agree that the base offense level under the United States Sentencing Guidelines is 14. A 4-level increase for use of a dangerous weapon, a 3-level increase for bodily injury, a 2-level increase for conviction under 18 U.S.C. § 111(b), and a 6-level increase for an official victim all apply. The parties agree to a 3-level

reduction for acceptance of responsibility, and the government recommends an additional 2-level downward variance for early disposition of this case. Mr. Hoopes has zero criminal history points, placing him in Category I. Applying the early disposition variance, the adjusted offense level is 24, yielding an advisory guideline range of 51 to 63 months.

The plea agreement permits Mr. Hoopes to argue for a lower sentence, but no less than 24 months imprisonment. Furthermore, the United States Probation Office has recommended a downward variance to 24 months. The defense agrees and requests a sentence of 24 months.

## III.    A sentence of 24 months is more than sufficient to achieve the purposes of sentencing.

As this Court well knows, the Sentencing Guidelines are advisory, and one factor among many to be considered in fashioning an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). See also *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007) ("ultimately [the court] must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence").

A court's "overarching duty [is to] impose a sentence sufficient, but not greater than necessary to comply with the sentencing purposes set forth in § 3553(a)(2)." *Pepper v. United States*, 131 S.Ct. 1229, 1242 (2011). *Pepper* further emphasized the need for individualized sentencing,

reiterating "the principle that 'the punishment should fit the offender and not merely the crime.'" 131 S.Ct. at 1240 (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)).

A 24-month sentence is a profound deprivation of liberty, and for a young man with absolutely no prior criminal history, it is more than sufficient to accomplish the goals of sentencing, including general and specific deterrence. The collateral consequences of this conviction alone serve as a perpetual punishment. As the Ninth Circuit has recognized, "[t]he stigma of a felony conviction is permanent and pervasive." *United States v. Smith*, 683 F.2d 1236, 1240 (9th Cir. 1982). Mr. Hoopes himself acknowledges that his felon status will forever be a part of his life moving forward, impacting his understanding of justice, accountability, and fairness.

Finally, the Court should heavily weigh the fact that the United States Probation Office recommends a 24-month sentence. A sentence that is "consistent with the recommendation made by the experienced probation officer assigned to the case, whose views of the offense and the offender I took into account" is a strong indicator of its sufficiency under § 3553(a). *United States v. Willis*, 479 F.Supp.2d 927 (E.D.Wis. 2007).

4

## CONCLUSION

For reasons set forth here, in the presentence report, and in any accompanying filings, this Court should impose a sentence of 24 months prison. Mr. Hoopes is eligible for and requests he be permitted to self-surrender to his designated facility, and further requests that the judgment reflect a judicial recommendation that he serve any time at FCI Sheridan, including at the minimum-security camp there if eligible.

Respectfully Submitted this 3rd day of June 2026:

/s/ *Matthew G. McHenry*
Matthew G. McHenry
Counsel for Robert Jacob Hoopes